UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* ) | |
| LAVON BROWN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 07 C 3001 |
| ) | |
| DONALD A. HULICK, WARDEN, ) | Judge Rebecca R. Pallmeyer |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner Lavon Brown was convicted of attempted armed robbery and two counts of attempted first-degree murder in the Circuit Court of Cook County. He has exhausted his state remedies and petitions this court for a writ of habeas corpus, arguing that the evidence against him was insufficient to support his attempted murder convictions, that evidence was admitted against him in violation of the Confrontation Clause, that trial counsel was constitutionally ineffective, and that the state knowingly presented perjured testimony at his trial. For the reasons that follow, Brown's petition is denied.

## FACTUAL BACKGROUND[1]

In 1998, one of Brown's associates, John Burnom, made a deal to sell guns to Joseph Vicario. *People v. Brown*, 341 Ill. App. 3d 774, 777, 793 N.E.2d 75, 78 (1st Dist. 2003). Instead of carrying out the deal as planned, Burnom sent Brown to rob Vicario of the money and heroin that was supposed to be exchanged for the guns. Vicario, it turns out, was cooperating with the authorities, so when Brown pointed his gun at Vicario, law enforcement officers emerged from their surveillance vehicle, identified themselves, and ordered Brown to drop his weapon. *Id.* at 778-79, 79. Brown, who was armed with a silver revolver, fired one shot in the direction of two officers

---

[1] The factual background is drawn from the opinion of the Appellate Court of Illinois, whose factual findings the court presumes to be correct. 28 U.S.C. § 2254(e)(1).

but did not hit either of them.  He then began to run, but the officers shot at him until he threw himself on the ground and was apprehended.  *Id.* at 779, 79.  Brown was left with six bullet holes on the outer forearm of his left arm and four bullet holes on the inner forearm.  *Id.*

In a statement to an assistant state's attorney, Brown admitted that he pointed a gun at Vicario, but explained that Burnom had threatened to kill him if he did not commit the robbery.  *Id.* at 780, 80.  (Because the record showed that Brown and Burnom had agreed to the plan prior to any threat by Burnom, the trial court refused to instruct the jury on the defense of necessity.  *Id.* at 781-82, 81.)  Brown also admitted to firing a shot at the officers.  *Id* at 780, 80.  The jury voted to convict Brown of attempted armed robbery and two counts of attempted first-degree murder.  *Id.* at 780, 80.  He was sentenced to 15 years on the armed robbery count and two terms of 60 years on the murder counts, all sentences to run concurrently.  *Id.*  Brown's conviction was affirmed on appeal, *Brown*, 341 Ill. App. 3d at 774, 793 N.E.2d at 75, and the Illinois Supreme Court denied his petition for leave to appeal, *People v. Brown*, 205 Ill.2d 596, 803 N.E.2d 486 (2003).

Brown's first state post-conviction petition was denied on February 9, 2004.  (Resp's Ex. G.)  One day later, before Brown had found out about the denial, he mailed an amended petition containing new claims, but the court did not receive the amended petition until February 20.  (Resp's Ex. H, Ex. I.)  Because the original petition had been denied, the court treated the petition as a successive petition and denied it, as well, on the grounds that Brown failed to explain why he did not include the new claims in his first petition and that the claims were unlikely to succeed.  (Resp's Ex. I.)  The appellate court affirmed, (Resp's Ex. M), and the Illinois Supreme Court once again denied Brown's petition for leave to appeal.  *People v. Brown*, 222 Ill.2d 580, 861 N.E.2d 657 (2006).

## ANALYSIS

**A.     Standard of Review**

Under AEDPA, this court will grant a writ of habeas corpus only when the state court decision in question was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was "based on unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Virsnieks v. Smith*, 521 F.3d 707, 713 (7th Cir. 2008). The court can only consider a claim on which a petitioner has exhausted his state remedies by fairly presenting his federal claims "at each level of the state's established review process." *Johnson v. Pollard*, 559 F.3d 746, 751 (7th Cir. 2009). Failure to do so constitutes procedural default, which will be excused only if Petitioner can show cause for the default and prejudice resulting from it. *Wrinkles v. Buss*, 537 F.3d 804, 812 (7th Cir. 2008) (citing *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977)).

**B.     Sufficiency of the Evidence**

Brown's first claim is that the evidence presented at trial was insufficient to support his two convictions for attempted first-degree murder. In considering this claim, the Illinois appellate court properly stated the constitutional standard for a sufficiency-of-the-evidence claim: "When presented with a challenge to the sufficiency of the evidence, the relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Brown*, 341 Ill. App. 3d at 780, 793 N.E.2d at 80; *see Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Then, the court reasonably applied that standard to the evidence presented at trial. That evidence included Brown's statement, in which he admitted firing the shot at the officers, as well as testimony from one of the officers and from the purported gun buyer informant that Brown pointed his gun at the officers when he fired. *Brown*, 341 Ill. App. 3d at 781, 793 N.E.2d at 81.

Brown's argument in his petition is that the evidence clearly established that he in fact fired the shot at Vicario, the gun buyer he was trying to rob, and therefore, he could not have been convicted of the charged counts, attempted murder of the two officers. (Petr's Pet. at 5-K.) Brown rests this argument on a different reading of Vicario's testimony than the one adopted by the state appellate court, but even if this court agreed with Brown's reading of Vicario's testimony, that evidence alone would not be sufficient to question the state court's ruling. Even if *some* evidence supports Brown's account of the events, Brown has not called into question the state appellate court's holding that other evidence presented at trial supported the jury's verdict. That was enough for the appellate court to reject Brown's sufficiency-of-the-evidence challenge. *E.g. Hayes v. Battaglia*, 403 F.3d 935, 938 (7th Cir. 2005) ("[I]t is black letter law that testimony of a single eyewitness suffices for conviction even if 20 bishops testify that the eyewitness is a liar."). The petition is denied as to this claim.

**C.     Confrontation Clause**

Brown next contends that his rights under the Confrontation Clause were violated by the introduction into evidence of the recording and transcript of the conversation between Burnom and Vicario arranging the gun deal. The recording and transcript are not in the record, so the content of the conversation is unknown, but that does not prevent the court from ruling on this issue. In his direct appeal, Brown successfully argued that the recording and transcript should not have been admitted under the co-conspirator exception for hearsay statements. *Brown*, 341 Ill. App. 3d at 782-83, 793 N.E.2d at 82. The appellate court ruled, however, that the error was harmless. *Id.* Brown now argues that the evidence was admitted in violation of the Confrontation Clause and, as such, was reversible error. (Petr's Pet. at 6-A-6-B.)

Characterizing a state law error as a violation of the Constitution does not change the application of the harmless-error doctrine, and Brown has not challenged the state court's harmless-error analysis. More importantly, though, Brown's argument in the state court was limited

4

to whether the co-conspirator exception for hearsay statements was satisfied under state law, (Resp's Ex. A, at 28-31), so Brown's constitutional claim under the Confrontation Clause is procedurally defaulted. *Hicks v. Straub*, 377 F.3d 538, 553-56 (6th Cir. 2004); *United States ex rel. Nance v. Fairman*, 707 F.2d 936, 940-41 (7th Cir. 1983). And Brown suggests no cause to explain his default. As an aside, the court notes that the statement in question does not appear to implicate the Confrontation Clause at all because it does not appear to be testimonial: Brown does not argue that the statement contains any accusation against him, nor does he explain how Burnom, who did not know that he was being recorded, could have anticipated that his statements would be used in a prosecution. *E.g. United States v. Johnson*, 581 F.3d 320, 325 (6th Cir. 2009) (statement is testimonial if declarant intended to bear testimony against the accused, so statements by declarant who did not know he was being recorded and could not have anticipated use of his statements in prosecution of the accused were not testimonial). Accordingly, the petition is denied as to this claim.

**D.     Ineffective Assistance of Counsel and Allegedly Perjured Testimony**

Brown's remaining claims were raised only in what the state court considered his second post-conviction petition. The court refused to consider the claims because Brown had shown neither cause for his failure to raise the issues sooner nor prejudice from that failure, and because the claims were unlikely to succeed. (Resp's Ex. I, at 3.) Brown argues that the state court should have treated his filing as an amended petition and considered the claims, but this court will not review the state court's ruling on an issue of state procedure where there is no suggestion that the procedure in question is anything but firmly established and regularly followed. *Daniels v. Knight*, 476 F.3d 426, 433 (7th Cir. 2007). Brown's claims of ineffective assistance of counsel and that the state knowingly presented perjured testimony are, therefore, procedurally defaulted because the state court did not consider them based on an independent and adequate state ground. *Martin v. Evans,* 384 F.3d 848, 854-55 (7th Cir. 2004).

5

Brown argues that the court should overlook the default because his claims rely on factual predicates that could not have been previously discovered through the exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii), but Brown has not presented any new facts at all. Regarding counsel's performance, he has only presented new legal arguments. Regarding the allegedly perjured testimony, his argument relies only on the testimony itself. Finally, the court notes its agreement with the state court that these claims have little chance of success. The appellate court recounted the evidence against Brown, including eye witness testimony from the police officers and from Vicario, and evidence that Brown agreed to the planned robbery and took steps to carry it out. In light of that evidence, Brown is unlikely to establish that counsel was ineffective in failing to seek exclusion of certain other evidence (Brown's statement and evidence concerning gangs and gunshot residue). Nor is the claim about alleged perjury likely to succeed; Brown has done nothing more than suggest that the witnesses's testimony was inconsistent. That is a far cry from suggesting that the witness committed perjury or that the state knowingly presented perjured testimony. Thus, the petition is denied as to these claims as well.

## CONCLUSION

For the foregoing reasons, Petitioner's Petition for a Writ of Habeas Corpus [9] is denied.

ENTER:

Dated: November 5, 2009

_____
REBECCA R. PALLMEYER
United States District Judge